IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| FLOYD L. WILLIAMSON, ) <br> ) <br> Movant, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> ) | Cv. No. 1:11-cv-1398-JDB-egb <br> Cr. No. 1:10-cr-10045-JDB |

**ORDER ADOPTING REPORT AND RECOMMENDATION,
AND
GRANTING MOTION PURSUANT TO 28 U.S.C. § 2255**

Before the Court is the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"), filed by Movant, Floyd L. Williamson, Bureau of Prisons register number 23931-076, an inmate at the Federal Correctional Institution Low in Forrest City, Arkansas (§ 2255 Mot., *Williamson v. United States,* No. 1:11-cv-01398-JDB-egb (W.D. Tenn.), ECF No. 1), and the Report and Recommendation ("R&R") issued by United States Magistrate Edward G. Bryant, Jr. (R&R, *id.*, ECF No. 29). For the reasons stated below, the Court ADOPTS the R&R and GRANTS the § 2255 Motion.

**I.     PROCEDURAL HISTORY**

**A.     Case Number 10-10045**

On May 17, 2010, a federal grand jury returned a two-count indictment against Williamson. (Indictment, *United States v. Williamson,* No. 1:10-cr-10045-JDB (W.D. Tenn.), ECF No. 1.) The indictment charged that, on or about January 20, 2010, Williamson possessed with the intent to distribute over fifty grams of cocaine base (crack cocaine) (Count 1) and an

unspecified quantity of powder cocaine (Count 2), in violation of 21 U.S.C. § 841(a)(1). Williamson retained Javier M. Bailey to represent him in the matter.

Pursuant to a written plea agreement, Williamson appeared before this judge on September 30, 2010, to plead guilty to Count 1 of the indictment. (Min. Entry, *id.*, ECF No. 22; Plea Agreement, *id.*, ECF No. 23; Change of Plea Hr'g Tr., *id.*, ECF No. 44.) The plea agreement provided, *inter alia,* that "the defendant hereby waives all rights conferred by 18 U.S.C. § 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure from the guideline range that the court establishes at sentencing." (Plea Agreement ¶ 8, *id.*, ECF No. 23.)

At a hearing on March 3, 2011, the Court sentenced Williamson as a career offender to a term of imprisonment of two hundred sixty-two months, to be followed by a five-year period of supervised release. (Min. Entry, *id.*, ECF No. 33; Sentencing Hr'g Tr., *id.*, ECF No. 45.) The Court found that Williamson's waiver of his appeal rights "was freely and voluntarily made." (Sentencing Hr'g Tr. 55, *id.*, ECF No. 45.) Judgment was entered on March 4, 2011. (J. in a Criminal Case, *id.*, ECF No. 34.)

On June 14, 2011, Williamson filed a *pro se* notice of appeal. (Not. of Appeal, *id.*, ECF No. 36.) On September 16, 2011, the Sixth Circuit Court of Appeals dismissed the appeal as untimely. *United States v. Williamson,* No. 11-5714 (6th Cir. Sept. 16, 2011).

**B.** **Procedural History of Williamson's § 2255 Motion**

On December 28, 2011, Williamson filed his *pro se* § 2255 Motion, which presented the following claims:

1. "Ineffective Assistance of Counsel" due to the fact that his "[a]ttorney was ineffective for failing to file an appeal after he was compensated to do so" (§ 2255 Mot. at PageID 4, *Williamson v. United States,* No. 1:11-cv-01398-JDB-egb (W.D. Tenn.), ECF No. 1);

2. "Attorney failed to protect Mr. Williamson from the same offense that the Government agreed to drop" (*id.* at PageID 5);

3. "The attorney failed to protect Mr. Williamson from the Government's breach of its agreement" (*id.* at PageID 7); and

4. "The attorney failed to protect Mr. Williamson from amendments to his presentence report (P.S.R.)" (*id.* at PageID 8).

The Court issued an order on April 20, 2012, directing the Government to respond to Movant's § 2255 Motion. (Order, *Williamson v. United States,* No. 1:11-cv-01398-JDB-egb (W.D. Tenn.), ECF No. 2.) On June 25, 2012, the Government filed its response, accompanied by the affidavit of defense counsel. (Answer, *id.*, ECF No. 6.)

On June 21, 2013, Williamson sought to amend his § 2255 Motion to raise the additional issue of whether he is entitled to a reduction in his sentence in light of the Supreme Court's decision in *Alleyne v. United States,* 133 S. Ct. 2151 (2013). (Mot. to Supplement 2255 Case, *id.*, ECF No. 8.)

In an order entered on May 20, 2014, the Court, *inter alia,* granted leave to amend and directed Williamson to submit "his own factual affidavit" within twenty-eight days. (Order at 3, *id.*, ECF No. 9.) He was instructed that the

> affidavit should address Movant's conversations with Bailey about whether to appeal the sentence imposed in this matter and should state whether Movant instructed Bailey to file a notice of appeal. If Movant contends that he did make that request, he should state whether it was oral or written and the date and time

> of the request. If written, he should submit a copy of his letter, if available, and
> any proof of mailing.

(*Id.*) Williamson did not submit his own factual affidavit, but, on June 24, 2014, he filed the affidavit of his wife, Tiffany Williamson. (Supplemental Ex., *Williamson v. United States,* No. 1:11-cv-01398-JDB-egb (W.D. Tenn.), ECF No. 10.)

On November 4, 2014, the Court entered an order that stated that "the affidavit of Tiffany Williamson is sufficient to raise a factual issue with regard to whether defense counsel disregarded an instruction to file a notice of appeal." (Order at 2, *id.*, ECF No. 11.) The matter was referred to Magistrate Judge Ed Bryant to conduct an evidentiary hearing and to issue an R&R addressing Claim 1. (*Id.*) The Magistrate Judge was also instructed to appoint an attorney to represent Williamson if he qualified for appointed counsel. (*Id.* at 2-3.) The inmate was directed to file an *in forma pauperis* affidavit and a copy of his inmate trust fund account statement. (*Id.* at 3.) On November 14, 2014, Williamson filed an *in forma pauperis* application and a response to the Court's order that included his own factual affidavit. (Movant's Mot. for an Order Granting Him Leave to Proceed In Forma Pauperis, *Williamson v. United States,* No. 1:11-cv-01398-JDB-egb (W.D. Tenn.), ECF No. 12; Movan't Resp. to Court's Order, *id.*, ECF No. 13.) On December 2, 2014, Magistrate Judge Bryant appointed Jon York to represent Movant. (Appointment of and Authorization to Pay Court Appointed Counsel, *id.*, ECF No. 17.)

An evidentiary hearing was held on March 23, 2015, at which Williamson, Tiffany Williamson and Bailey testified. (Min. Entry, *id.*, ECF No. 25.) On April 1, 2015, the Magistrate Judge conducted a telephonic status conference at which the parties presented additional information about Williamson's attempt to telephone Bailey to request the filing of a notice of appeal. (Min. Entry, *id.*, ECF No. 28.) On April 14, 2015, Magistrate Judge Bryant issued his R&R with the agreement of the parties. (R&R, *id.*, ECF No. 29.)

## II.         LEGAL STANDARDS

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States,* 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted).

After a § 2255 motion is filed, it is reviewed by the Court and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts ("§ 2255 Rules"). "If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id.* The movant is entitled to reply to the Government's response. Rule 5(d), § 2255 Rules. The Court may also direct the parties to provide additional information relating to the motion. Rule 7, § 2255 Rules.

"In reviewing a § 2255 motion in which a factual dispute arises, the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (internal quotation marks omitted). "[N]o hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact."

*Id.* (internal quotation marks omitted). "[W]hen the decision to conduct a § 2255 evidentiary hearing turns on credibility issues, then resolution on the basis of affidavits can rarely be conclusive[.]" *Pola v. United States,* 778 F.3d 525, 535 (6th Cir. 2015) (internal quotation marks omitted). Movant has the burden of proving that he is entitled to relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

In *Rodriquez v. United States*, 395 U.S. 327 (1969), the Supreme Court held that the failure of defense counsel to file a notice of appeal despite being instructed to do so by his client constitutes *per se* ineffective assistance of counsel, without regard to the legal merit of any issues that might be raised on direct appeal. *Id.* at 329–32; *See also Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) ("We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes.") (internal citations omitted); *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998) ("[T]he failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment."). The Sixth Circuit has "emphasize[d] . . . that a defendant's actual 'request' is still a critical element in the Sixth Amendment analysis." *Id.*; *see also Regalado v. United States*, 334 F.3d 520, 525–26 & n.3 (6th Cir. 2003) (an expression of a defendant's "desires" or "wishes" to file a notice of apeal is not equivalent to an express instruction to do so).

As the Government has noted (*see* Answer at 3, 5–7, *Williamson v. United States,* No. 1:11-cv-01398-JDB-egb (W.D. Tenn.), ECF No. 6), Williamson entered into a plea agreement

6

with an appeal waiver provision that precluded him from appealing his sentence. An appeal waiver is binding if it is made knowingly and voluntarily. *E.g., United States v. Ashe*, 47 F.3d 770, 775–76 (6th Cir. 1995). The Court found that the appeal waiver in this case was intelligent and voluntary and, therefore, it would bar Williamson from appealing his sentence. Even when a defendant has entered into a plea agreement with an appeal waiver, however, an attorney who disregards his client's instruction to file a notice of appeal has provided ineffective assistance as a matter of law. *Campbell v. United States*, 686 F.3d 353, 357–59 (6th Cir. 2012); *Carrion v. United States*, 107 F. App'x 545, 547 (6th Cir. 2004) ("The district court wrongly concluded that Carrion's appeal waiver precluded him from pursuing an appeal. Carrion's likelihood of success on appeal is not a factor in determining whether he received ineffective assistance of counsel."). For that reason, the Court concluded that an evidentiary hearing was necessary to resolve Claim 1, that defense counsel disregarded Williamson's request to file a notice of appeal.[1]

## III.     THE R&R

In the R&R, the Magistrate Judge found that "the Movant's defense counsel was in fact ineffective by failing to file a timely Notice of Appeal." (R&R at 2, *Williamson v. United States,* No. 1:11-cv-01398-JDB-egb (W.D. Tenn.), ECF No. 29.) The R&R was issued with the agreement of all parties. Upon review of the R&R and the record as a whole, the Court ADOPTS the R&R and HOLDS that defense counsel rendered ineffective assistance by failing

---

[1] Where a defendant made no explicit request, an attorney's failure to file a notice of appeal is evaluated under the standards stated in *Strickland v. Washington*, 466 U.S. 668 (1984). *Flores-Ortega*, 528 U.S. at 476–78. "[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480. Claim 1 does not allege that Bailey failed to consult with Williamson about an appeal. That Williamson entered a guilty plea with a broad appeal waiver provision provides strong evidence that a rational defendant would not have wanted to appeal his sentence.

7

to file a notice of appeal at Williamson's request. Williamson is, therefore, entitled to relief on Claim 1 of the § 2255 Motion.[2]

**IV.     CONCLUSION**

For the reasons stated, the Court GRANTS Williamson's § 2255 Motion. The judgment in Williamson's criminal case is VACATED. The Clerk is directed to enter an amended judgment in the criminal case and to mail Williamson a copy of the criminal appeals packet to enable him to perfect his direct appeal. The appointment of Jon York as counsel for Movant is extended to the direct appeal.

IT IS SO ORDERED this 29th day of April, 2015.

s/ J. DANIEL BREEN<br>
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Because Williamson has prevailed on Claim 1, it is unnecessary to address his remaining claims for relief. Some of the issues may be raised on direct appeal. If the appeal is unsuccessful, Williamson may file a new § 2255 motion challenging the amended criminal judgment.